United States District Court
Southern District of Texas
**ENTERED**
May 08, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLIE LEON RHODES, (TDCJ–CID #2032190)  Petitioner, | § § § § § § | CIVIL ACTION NO. 4:19–cv–4183 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| LORIE DAVIS, Respondent. | § § | |

**MEMORANDUM AND OPINION**

Before the Court is a petition by Charlie Leon Rhodes for a writ of *habeas corpus* under 28 USC § 2254. Dkt 1. He challenges his current custodial classification.

A threshold issue is whether Rhodes has stated meritorious grounds for federal *habeas* relief. He has not. He instead presents claims cognizable only by a civil rights action under 42 USC § 1983. As explained below, the Court will allow Rhodes to elect between either converting his petition to a civil rights action or having his petition dismissed without prejudice.

1. Background

Rhodes is an inmate of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ–CID). He is in prison serving a six-year sentence on a 2015 conviction in Midland County for possession of a controlled substance in Cause Number CR45983.

Construed liberally, Rhodes seeks *habeas* relief concerning his custodial classification. He essentially argues that an improper custodial classification violated his right to due process.

Rhodes asserts that the response to a "Step One" grievance incorrectly stated that he had walked away from a "free world job," meaning that prison officials are punishing him as if he had an escape charge when he merely had an "unauthorized absence." This resulted in an *ES* security precaution designator (SPD) code, which equates to a *G4* custodial classification. By contrast, he asserts he should have an *EX* code, which would equate to a *G2* classification.

This is not a distinction without meaning. Rhodes complains that his *G4* custodial classification is more restrictive than the *G2* custodial classification with regard to housing, educational opportunities, and prison job assignments. He also complains that his custodial designation adds two points to his parole vote. He notes that his disciplinary record otherwise shows that he has made an effort to improve himself by staying free of any disciplinary cases for the past two years and having only one such case in the past three years.

Rhodes alleges that a special unit classification committee conducted a meeting at the Ellis Unit to review the status of his SPD code. He asserts that prison officials there acknowledged misclassifying him with the wrong code. He states that they agreed to forward his file to Huntsville, but still no change has been made.

Rhodes wants his prison records to reflect his allegedly correct SPD code as *EX* and not *ES*. By this he also seeks the restoration of a *G2* custodial classification. He asserts that this would allow him access to better jobs within the prison and better educational opportunities. He also seeks release on mandatory supervision.

2. Legal standard

A petition for a writ of *habeas corpus* is the vehicle by which "to seek release from custody." *Carson v Jacobson*, 112 F3d 818, 820 (5th Cir 1997), citing *Pugh v Parish of St Tammany*, 875 F2d 436, 439 (5th Cir 1989). An action pursuant to 42 USC § 1983 is generally the proper vehicle by which "to attack unconstitutional conditions of confinement and prison procedures." *Carson*, 112 F3d at 820, citing *Cook v Tex Department of Criminal Justice Transitional Planning Department*, 37 F3d 166, 168 (5th Cir 1994).

The Fifth Circuit holds that a § 1983 suit is the proper vehicle where a favorable determination will not automatically entitle an inmate to accelerated release. *Carson*, 112 F3d at 820–821, citing *Orellana v Kyle*, 65 F3d 29, 31 (5th Cir 1995).

### 3. Analysis

If Rhodes is correct, the TDCJ has assigned him an incorrect SPD code due to a mistaken entry of a disciplinary violation—an error that he asserts prison officials have acknowledged. This in turn assigns him a more restrictive *G4* custodial classification, thus restricting his job and educational opportunities. But if the correct SPD code were noted in his file, he would have more freedom of movement and more educational, recreational, and rehabilitative opportunities while in prison.

These complaints are not unimportant. But they are ones that concern only the conditions of Rhodes's confinement—not the fact or duration of his confinement. Indeed, his petition so specifies, ticking the box for "Other" and writing in "Conditions of Confinement" as the basis for challenge. Dkt 1 at 2. As such, he does not argue that granting him a writ of *habeas corpus* will in any way entitle him to an accelerated release.

As a matter of law, Rhodes may not pursue this claim via a petition for writ of *habeas corpus*. Based on his allegations, Rhodes should have brought this action pursuant to 42 USC § 1983.

The Court has considered whether to simply convert the petition into such a civil rights action. But this presents practical difficulties. See *Glaus v Anderson*, 408 F3d 382, 388–89 (7th Cir 2005). For instance, converting the petition would make Rhodes responsible for the $350 filing fee applicable to civil rights actions, rather than the $5 filing fee for *habeas* petitions. 28 USC § 1914(a). A § 1983 action also entails a different set of legal rules and consequences beyond the additional filing fee. This includes application of provisions of 28 USC § 1915 if Rhodes elects to proceed *in forma pauperis*, of which subsection (g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

3

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

To be clear, nothing here concerns a ruling on the ultimate merits of Rhodes's claim. And he may pursue his case as a civil rights action if desired. But the Court has determined that Rhodes should make such election himself.

Rhodes is instructed to consider his options and preferences in this regard. He must file a notice with the Court within thirty days if he requests that his petition for a writ of *habeas corpus* be converted to a civil rights action under 42 USC § 1983. If Rhodes files no notice, his petition is subject to dismissal without prejudice.

4. Conclusion

The Court FINDS that the petition by Charlie Leon Rhodes for a writ of *habeas corpus* does not present grounds warranting *habeas* relief. Dkt 1.

Rhodes is ORDERED to file a notice by June 8, 2020 as to whether he elects to convert his petition for a writ of *habeas corpus* to an action pursuant to 42 USC § 1983, subject to all rules and law attendant to such actions. Otherwise, his petition will be dismissed without prejudice.

SO ORDERED.

Signed on May 8, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge

4